UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:16-cv-00780-CAS(ASx) | Date | April 18, 2016 |
|---|---|---|---|
| Title | GUESS?, INC. V. MARISOL RUSSELL, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang/Ingrid Valdes | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |

**Proceedings:**    PETITIONER'S MOTION FOR A PRELIMINARY
INJUNCTION (Dkt. 30, filed March 21, 2016)

## I.    INTRODUCTION

On July 9, 2015, petitioner Guess?, Inc. ("Guess") filed an action in this Court against respondents Marisol Russell, Melissa Porcello, Dana Anderson, Kristopher Sutton, and Damaris Ramos (collectively, "respondents"). Guess?, Inc. v. Marisol Russell, et al., Case No: 2:15-cv-05191-CAS-AS, Dkt. 1. In that action, Guess requested a declaration, as a matter of law, that respondents were precluded from arbitrating claims against Guess on a class-wide basis, but rather must proceed on an individual basis. Id. The Court ultimately dismissed Guess's action finding that the availability of class-wide arbitration was an issue that must be decided by an arbitrator and not the Court. Id., Dkt. 38.

Thereafter, on January 4, 2016, arbitrator Eugene. I. Farber issued a clause construction award finding that the arbitration agreement between Guess and respondents permitted respondents to arbitrate their claims against Guess on a class-wide basis. Dkt. 1, Ex.A. On February 3, 2016, Guess initiated the instant action by filing a petition to vacate arbitrator Farber's clause construction award. Dkt. 1. In brief, Guess argues that arbitrator Farber lacked the authority to issue the clause construction award because the question of whether the parties' arbitration agreement allowed for class-wide arbitration should have been decided by a court, and not an arbitrator.

On March 21, 2016, Guess filed the instant motion for a preliminary injunction pursuant to Federal Rule of Civil Procedure 65. Dkt. 30. On March 28, 2016, respondents filed an opposition, Dkt. 32, and on April 4, 2016, Guess filed a reply, Dkt.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| CIVIL MINUTES - GENERAL | | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-00780-CAS(ASx) | Date | April 18, 2016 |
| Title | GUESS?, INC. V. MARISOL RUSSELL, ET AL. | | |

40.  Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.      BACKGROUND

Respondents in this case were employed by Guess as "co-managers" in Guess's retail stores.  As a condition of their employment, Guess required respondents to sign an Agreement to Arbitrate ("the Agreement").  Dkt. 33, Sagafi Decl., Ex. 1 (Agreement to Arbitrate).  The Agreement provides, in pertinent part:

> The Company and Associate mutually agree that any dispute or controversy arising out of or in any way related [to] any Dispute, as defined herein, shall be resolved exclusively by final and binding arbitration . . . the potential Disputes, which the parties agree to arbitrate, pursuant to this Agreement, include . . . Claims for wages or other compensation due.

Id.  ¶¶ 2-3.  The Agreement also provided that arbitration proceedings "shall be held in Los Angeles, California pursuant to the Model Rules for Arbitration of Employment Disputes of the American Arbitration Association ["AAA"] then in effect."  Id. ¶ 2.

On August 12, 2014, respondents filed a demand for arbitration with the AAA.  Id., Ex. 2 (Demand for Arbitration).  In this demand, respondents contended that Guess misclassified them and other similarly situated "co-managers" as exempt from state and federal wage and hour laws and denied them overtime pay.  Id.  In addition, respondents indicated that they were seeking to arbitrate their claims against Guess on a class-wide basis as representatives of other co-managers.  Id. ¶ 53.

On July 9, 2015, Guess filed an action in this Court seeking a declaration, as a matter of law, that respondents were precluded from arbitrating claims against Guess on a class-wide basis.  Guess?, Inc. v. Marisol Russell, et al., Case No: 2:15-cv-05191-CAS-AS ("Guess I"), Dkt. 1.  On August 6, 2015, respondents filed a motion to dismiss Guess's declaratory judgment complaint.  Guess I, Dkt. 21.  In their motion, respondents argued that the question of whether respondents could arbitrate their claims on a class-wide basis was an issue that must be decided by an arbitrator, and not a court.  Id.  Guess argued, on the other hand, that the availability of class-wide arbitration was a "gateway

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-00780-CAS(ASx) | Date | April 18, 2016 |
| Title | GUESS?, INC. V. MARISOL RUSSELL, ET AL. | | |

question of arbitrability" that presumptively must be decided by a court and that the Agreement did not "clearly and unmistakably" delegate that question to an arbitrator as required by the relevant case law.  Guess I, Dkt. 32.  In an order dated November 12, 2015, the Court rejected Guess's argument and determined that, by incorporating the AAA's model rules for arbitration of employment disputes, the Agreement had "clearly and unmistakably" delegated the question of whether respondents could pursue their claims on a class-wide basis to an arbitrator.  Guess I, Dkt. 38, at 8-9.  Accordingly, the Court granted respondents' motion to dismiss.  Id. at 9-10.

Thereafter, on January 4, 2016, arbitrator Eugene I. Farber issued a clause construction award.  Dkt. 33, Sagafi Decl., Ex. 6 (Clause Construction Award).  In his clause construction award, arbitrator Farber determined that under the Agreement the parties had consented to class arbitration.  Id.  On February 3, 2016, Guess filed a petition in this Court seeking to vacate arbitrator Farber's clause construction award.  Dkt. 1.  In this petition, Guess again argues that a court, and not an arbitrator, should determine whether respondents may pursue their claims on a class-wide basis.

Guess states that "[n]otwithstanding Guess?'s pending Petition to Vacate, on March 14, 2016, the Arbitrator directed the parties to proceed immediately with nationwide class discovery, over Guess?'s objection.  In making this ruling, the Arbitrator rejected Guess?'s requests to stay the arbitration or to move forward on an individual basis until the Court rules on the Petition to Vacate."  Mot., at 1.  Accordingly, Guess contends that it was "left with no recourse" but to file the instant motion for a preliminary injunction preventing respondents from arbitrating their claims on a class basis until the Court rules on the pending petition to vacate arbitrator Farber's clause construction award.  Id.

III.    ANALYSIS

In the instant motion, Guess seeks a preliminary injunction enjoining respondents from proceeding with their class claims until this Court rules on the pending petition to vacate.  "A plaintiff seeking a preliminary injunction must establish (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest."  Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); see also Am. Trucking Ass'n, Inc. v. City of Los Angeles, 559 F.3d 1046,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | | 'O' |
|---|---|---|---|---|
| Case No. | 2:16-cv-00780-CAS(ASx) | | Date | April 18, 2016 |
| Title | GUESS?, INC. V. MARISOL RUSSELL, ET AL. | | | |

1052 (9th Cir. 2009) (applying same factors). Here, as explained more fully below, the Court finds that Guess has failed to establish the first of these elements—that it is likely to succeed on the merits. Accordingly, the Court DENIES Guess's motion for a preliminary injunction.[1]

### A.      Likelihood of Success on the Merits

The thrust of Guess's petition to vacate is that the question of whether respondents can arbitrate their claims on a class-wide basis, as opposed to an individual basis, is a question that should have been decided by a court, and not an arbitrator. As such, Guess contends that arbitrator Farber lacked the authority to issue a clause construction award determining that respondents could arbitrate their claims on a class-wide basis. On this grounds, Guess seeks to vacate the clause construction award.

However, as noted above, the Court has already addressed this issue and determined that, under the terms of the Agreement, the parties delegated the question of whether respondents could pursue their claims on a class-wide basis to an arbitrator.[2]

---

[1] The Ninth Circuit has also recognized an alternative test for issuing an injunction. Specifically, where there are "serious questions going to the merits and a hardship balance that tips sharply toward the plaintiff" an injunction may issue "assuming the other two elements of the Winter test are also met." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1132 (9th Cir. 2011) (internal quotations omitted) (interpreting Winter and explaining that the "sliding scale" test for preliminary injunctive relief remains valid). However, in the instant action, because the Court finds that Guess has failed to demonstrate a likelihood of success, it also finds that guess has failed to demonstrate that there are "serious questions going to the merits." Thus, the Court would deny Guess's motion under either standard.

[2] Indeed, respondents have also argued that Guess's petition should be barred under the doctrine of collateral estoppel by virtue of the Court's prior order. However, as explained *infra*, Guess contends that there has been an "intervening change" in the law. And, while the Court is ultimately unpersuaded that this purported change in the law alters the reasoning in the Court's prior order, an intervening change in the law is a well-recognized exception to collateral estoppel. See Steen v. Hancock Mut. Life Ins. Co.,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:16-cv-00780-CAS(ASx) | Date | April 18, 2016 |
|---|---|---|---|
| Title | GUESS?, INC. V. MARISOL RUSSELL, ET AL. | | |

Nevertheless, because it is relevant to the instant dispute, the Court briefly reiterates the reasoning of its previous order.

As an initial matter, the Court addressed whether the availability of class-wide arbitration was a "gateway question of arbitrability," which presumptively should be decided by a court, or a "procedural" question, which presumptively should be decided by an arbitrator. Guess I, Dkt. 38, at 4-5. While recognizing that there is only limited authority addressing this particular issue, the Court noted that both the Third and Sixth Circuits had determined that the availability of class-wide arbitration is a "gateway question" presumptively for a court to decide. Id. (citing Opalinski v. Robert Half Int'l Inc., 761 F.3d 326, 335–36 (3d Cir. 2014) ("[T]he availability of class arbitration is a question of arbitrability for a court to decide unless the parties unmistakably provide otherwise.") (internal quotation marks omitted); Reed Elsevier, Inc. ex rel. LexisNexis Div. v. Crockett, 734 F.3d 594, 599 (6th Cir. 2013) ("[T]he question whether an arbitration agreement permits classwide arbitration is a gateway matter . . . reserved for judicial determination unless the parties clearly and unmistakably provide otherwise.") (internal quotation marks omitted)). Moreover, the Court noted that, in an unpublished decision, the Ninth Circuit had arguably concluded that the availability of class-wide arbitration was a "gateway question." Id. at 5 n.3 (citing Eshagh v. Terminx Int'l Co., 588 Fed. Appx. 703, 704 (9th Cir. 2014)). Accordingly, the Court concluded that "while the law in this areas is somewhat unsettled, it would appear that courts have increasingly found the availability of class arbitration to be a gateway question of arbitrability presumptively for the court to decide." Id. at 5.[3]

---

106 F.3d 904, 913 (9th Cir. 1997) (citing Segal v. AT & T, 606 F.2d 842, 845 (9th Cir. 1979) (noting exception to collateral estoppel where "[t]he issue is one of law and . . . a new determination is warranted in order to take account of a intervening change in the applicable legal context" and noting that "[i]ssue preclusion has never been applied to issues of law with the same rigor as to issues of fact") (quoting Restatement (Second) of Judgments, § 28(2) (1982)). Accordingly, the Court reaches the merits of Guess's motion and does not find that collateral estoppel applies in this case.

[3] Since the Court issued its prior order, the Fourth Circuit has joined the Third and Sixth Circuits in expressly holding that the availability of class-wide arbitration is a "gateway question of arbitrability." See Dell Webb Communities, Inc. v. Carlson, 2016

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:16-cv-00780-CAS(ASx) | Date | April 18, 2016 |
|----------|------------------------|------|----------------|
| Title    | GUESS?, INC. V. MARISOL RUSSELL, ET AL. | | |

Nonetheless, the Court explained that "even if the availability of class arbitration is considered a gateway 'question of arbitrability' that does not end the Court's analysis." Id.  Rather, "parties can agree to arbitrate 'gateway questions of arbitrability,' " so long as their agreement "clearly and unmistakably" provides that an arbitrator should decide such issues.  Rent-A-Center, West, Inc. v. Jackson, 561 U.S. 63, 68-69 (2010).  Notably, the Ninth Circuit has held that where an agreement incorporates the AAA's model rules for arbitration, that constitutes "clear and unmistakable evidence that the parties intended to delegate several gateway questions to an arbitrator—namely, (1) whether there is an agreement to arbitrate between the parties; and (2) whether the agreement covers the dispute.  See Oracle America, Inc. v. Myriad Group A.G., 724 F.3d 1069, 1074 (9th Cir. 2013) ("Virtually every circuit to have considered the issue has determined that incorporation of the American Arbitration Association's [ ] arbitration rules constitutes clear and unmistakable evidence that the parties agreed to arbitrate arbitrability . . . We see no reason to deviate from the prevailing view . . ."). Admittedly, the Ninth Circuit has never addressed whether incorporation of the AAA's model rules is sufficient to delegate to an arbitrator the question of whether a given arbitration agreement permits class-wide arbitration; however, as the Court noted in its prior order, the weight of district court authority has found that it is.[4]

_____

WL 1178829, at \*1, — F.3d — (4th Cir. Mar. 28, 2016) ("[W]e hold that whether parties agree to class arbitration is a gateway question for the court.")

[4]Specifically, district courts have regularly found that where an agreement incorporates the AAA's model rules, it also incorporates the AAA's Supplementary Rules on Class Arbitration.  See, e.g., Yahoo! Inc. v. Iversen, 836 F. Supp. 2d 1007, 1011–12 (N.D. Cal. 2011) (holding that parties' agreement to the AAA's National Rules for the Resolution of Employment Disputes also constituted agreement to the Supplementary Rules); Marriott Ownership Resorts, Inc. v. Flynn, 2014 WL 7076827, at \*3 (D. Haw. Dec. 11, 2014) ("Many courts have held that consent to any of the AAA's substantive rules also constitutes consent to the Supplementary Rules and, if a dispute that otherwise would be arbitrated under the AAA rules involves a purported class, then the proceeding is governed by both the AAA rules and the AAA Supplementary Rules for Class Arbitrations.") (citations omitted) (collecting cases).  These supplemental rules, in turn, provide that: "Upon appointment, *the arbitrator* shall determine as a threshold matter, in a reasoned, partial final award on the construction of the arbitration clause,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:16-cv-00780-CAS(ASx) | Date | April 18, 2016 |
|----------|------------------------|------|----------------|
| Title | GUESS?, INC. V. MARISOL RUSSELL, ET AL. | | |

Here, the Agreement incorporates the AAA's Model Rules for Arbitration of Employment Disputes.  Dkt. 33, Sagafi Decl., Ex. 1, ¶ 2.  Accordingly, in the Court's prior order it concluded:

---

*whether the applicable arbitration clause permits the arbitration to proceed on behalf of or against a class*."  AAA Supp. R. 3 (emphasis added).  Numerous courts in the Ninth Circuit have found that, in light of this provision, agreement to the AAA's substantive and/or supplemental rules constitutes "clear and unmistakable" evidence that the parties agreed to have an arbitrator determine whether the applicable agreement permits class-wide arbitration.  See, e.g., Crook v. Wyndham Vacation Ownership, Inc., 2015 WL 4452111, at *4 (N.D. Cal. 2015) (finding that, by agreeing to the AAA's Commercial Arbitration Rules, the parties also agreed to the AAA's Supplementary Rules and that "a party that agrees to the Supplementary Rules clearly and unmistakably agrees to delegate the availability of class arbitration to the arbitrator."); AccentCare, Inc. v. Echevarria, 2015 WL 3465761, at *4 (N.D. Cal. Jun. 1, 2015) ("[T]he Court finds no reason to diverge from the prevailing view that the question of arbitrability may be, and was, delegated to the arbitrator by the incorporation of the AAA rules.  Accordingly, the Court finds that the arbitrator, not the Court, shall determine whether the arbitration agreements allow for class-wide arbitration . . ."); Yahoo! Inc., 836 F. Supp. 2d at 1012 (N.D. Cal. 2011) ("Here, Iversen and Yahoo's arbitration agreement . . . incorporated by reference the AAA Rules, including the Supplementary Rules . . . The Court agrees with Iversen that the incorporation by reference of the AAA Supplementary Rules . . . constitutes a clear and unmistakable agreement to have the arbitrator decide questions regarding the arbitrability of classwide claims."); Marriott, 2014 WL 7076827, at *14 ("[I]ncorporation of the Supplementary Rules constitutes clear and unmistakable evidence of an intent to have an arbitrator address the question of class arbitrability."); see also Price v. NCR Corp., 908 F. Supp. 2d 935, 945 (N.D. Ill. 2012) (by agreeing to proceed "under the AAA's rules," "the parties agreed that an arbitrator, and not this Court, would determine whether the agreement authorizes class arbitration"); Bergman v. Spruce Peak Realty, LLC, 2011 WL 5523329, at *3–5 (D. Vt. Nov. 14, 2011) (relying on the AAA's Supplementary Rules in holding that "whether there is a contractual basis for concluding that the defendants agreed to submit to class arbitration is an issue that must be referred to the arbitrator"); S. Commc'ns Servs., Inc. v. Thomas, 829 F.Supp.2d 1324, 1337–38 (N.D. Ga. 2011) (incorporation of the AAA's model rules "gave the arbitrator the power to decide whether the Arbitration Clause implicitly authorized class proceedings").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    **'O'**

| Case No. | 2:16-cv-00780-CAS(ASx) | Date | April 18, 2016 |
|---|---|---|---|
| Title | GUESS?, INC. V. MARISOL RUSSELL, ET AL. | | |

> In accordance with the numerous other courts to have decided this issue, the Court finds that by agreeing to resolve their disputes in accordance with the AAA's Model Rules for Arbitration of Employment Disputes, the parties also agreed to the AAA's Supplemental Rules for Class Arbitration.  In doing so, the parties "clearly and unmistakably" agreed that an arbitrator, and not the court, would determine the availability of class arbitration under the parties arbitration agreement.

Guess I, Dkt. 38, at 7.

At the time of the Court's prior order, only one circuit court had expressly addressed the question of whether incorporation of the AAA's model rules is sufficient to delegate the question of whether class-wide arbitration is permissible to an arbitrator. Specifically, the Sixth Circuit, in Reed Elsevier, held that incorporation of the AAA's model rules for arbitration "does not clearly and unmistakably assign to an arbitrator the question whether the agreement permits classwide arbitration." 734 F.3d at 599.[5]  In the interim, the Third Circuit has also concluded that incorporation of the AAA rules is insufficient, in and of itself, to delegate to an arbitrator the question of whether class-wide arbitration is permissible.  See Chesapeake Appalachia, LLC v. Scout Petroleum, LLC, 809 F.3d 746, 758 (3d Cir. 2016).  Moreover, while the Fourth Circuit in Dell

---

[5] Additionally, in Eshagh v. Terminix, Int'l, the underlying agreement incorporated the AAA's model rules, and yet the Ninth Circuit held that the district court did not err in striking class claims in the process of compelling arbitration.  588 F. App'x. at 704. However, as the Court previously explained, "nowhere in Eshagh did either the Ninth Circuit or the underlying district court address the 'clear and unmistakable' standard for delegating questions of arbitrability."  Guess I, Dkt. 38, at 8 n.5.  Accordingly, Eshagh provides, at most, only minimal guidance regarding whether incorporation of the AAA's model rules constitutes an agreement to arbitrate the availability of class arbitration.  See also Crook, 2015 WL 4452111, at *7 ("[Defendant] is correct that the arbitration provision in [Eshagh] provided for arbitration 'in accordance with the Commercial Arbitration Rules then in force of the [AAA].'  But [defendant] fails to note that neither the underlying district court order nor the Ninth Circuit opinion addresses whether the parties clearly and unmistakably agreed to arbitrate the availability of class arbitration.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  **'O'**

| Case No. | 2:16-cv-00780-CAS(ASx) | Date | April 18, 2016 |
|---|---|---|---|
| Title | GUESS?, INC. V. MARISOL RUSSELL, ET AL. | | |

Webb Communities, discussed *supra* n.3, did not directly address this issue, it did note that the underlying agreement in that case incorporated the AAA' model rules for arbitration and yet still determined that "the district court [should] determine whether the parties agreed to class arbitration."  2016 WL 1178829, at *1, 9.  Guess argues that, in light of this recent authority, the Court should reverse its prior ruling and vacate arbitrator Farber's clause construction award so that a court may determine the availability of class-wide arbitration.

Nonetheless, the Court notes that the Fifth Circuit has held that incorporation of the AAA's model rules for arbitration *is* sufficient to delegate the question of whether class-wide arbitration is permissible to an arbitrator.  See Reed v. Florida Metro. Univ., Inc., 681 F.3d 630, 635–36 (5th Cir. 2012) ("The parties' consent to the Supplementary Rules . . . constitutes a clear agreement to allow the arbitrator to decide whether [their] agreement provides for class arbitration.") *abrogated on other grounds by* Oxford Health Plans LLC v. Sutter, 133 S.Ct. 2064 (2013).  And, just recently, yet another district court in the Ninth Circuit has found that, where an agreement incorporate the AAA's model rules, an arbitrator, and not a court, should determine whether arbitration can proceed on a class-wide basis.  See Castaldi v. Signature Retail Servs., Inc., 2016 WL 74640, at *16 (N.D. Cal. Jan. 7, 2016) ("As discussed above, the Arbitration Agreement incorporates the AAA rules and regulations.  Those rules include the AAA Supplemental Rules . . . And the Supplemental Rules specifically provide that the arbitrator will decide the availability of class arbitration.  Accordingly, the Court will grant the motion to compel arbitration without ruling whether the arbitration may be conducted as a representative action.").[6]

Accordingly, at present, the law regarding the impact of incorporating the AAA's model rules for arbitration into an arbitration agreement appears far from clear.  However, absent further, *binding* guidance, this Court sees no reason to alter its prior

---

[6] The Court also finds it significant that the Ninth Circuit recently reaffirmed in Brennan v. Opus Bank, 796 F.3d 1125, 1130 (9th Cir. 2015) that "incorporation of the AAA rules constitutes clear and unmistakable evidence that contracting parties agreed" to have an arbitrator determine the other significant "gateway questions"—i.e., (1) whether there is an agreement to arbitrate between the parties; and (2) whether the agreement covers the dispute.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**        **'O'**

| Case No. | 2:16-cv-00780-CAS(ASx) | Date | April 18, 2016 |
|---|---|---|---|
| Title | GUESS?, INC. V. MARISOL RUSSELL, ET AL. | | |

conclusion that, by incorporating the AAA's Model Rules for Arbitration of Employment Disputes, the parties in this case agreed to delegate the question of whether respondents could pursue their claims on a class-wide basis to an arbitrator.  As such, under the Court's prior order, arbitrator Farber did possess the authority to issue the clause construction award.  Therefore, Guess has failed to demonstrate that this Court is likely to grant its petition to vacate arbitrator Farber's clause construction award.[7]

## IV.   CONCLUSION

In accordance with the foregoing, the Court **DENIES** Guess's motion for a preliminary injunction.

IT IS SO ORDERED.

|  | : | 15 |
|---|---|---|
| Initials of Preparer | CMJ | |

---

[7] Given that Guess has failed to establish a likelihood of success on the merits, the Court need not address the other Winter elements.  See also White Pac. Sec., Inc. v. Mattinen, 2012 WL 952232, at *5 ("Having failed to establish a likelihood of success on the merits of its claims, the Court need not address the other factors relative to granting the preliminary injunction.").