UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:16-cv-00780-CAS(ASx) | Date | May 9, 2016 |
|---|---|---|---|
| Title | GUESS?, INC. V. MARISOL RUSELL, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present     Not Present

**Proceedings:**    (IN CHAMBERS) - GUESS?, INC.'S PETITION TO VACATE CLAUSE CONSTRUCTION AWARD (Dkt. 1, filed February 3, 2016)

      On February 3, 2016, petitioner Guess?, Inc. ("Guess") filed a petition with this Court to vacate Arbitrator Eugene I. Farber's Clause Construction Award. Dkt. 1. Arbitrator Farber's Clause Construction Award ("Clause Construction Award") found, in pertinent part, that arbitration could proceed in this case on a class-wide basis. Dkt. 1, Ex. A, Clause Construction Award. On March 11, 2016, respondents filed a memorandum in opposition to Guess's Petition to Vacate the Clause Construction Award. Dkt. 28.[1]

      As the basis for its petition, Guess argues that the Court should vacate the Clause Construction Award because it contends that Arbitrator Farber lacked the authority to issue a clause construction award finding that arbitration could proceed in this case on a class-wide basis. However, in its order compelling arbitration, the Court rejected this argument. See Guess? Inc., v. Marisol Russell, et al., Case No: 2:15-cv-05191-CAS-AS, Dkt. 38. Instead, the Court found that, by incorporating the Model Rules for Arbitration of the American Arbitration Association, the parties had delegated the question of whether arbitration could proceed on a class-wide basis to an arbitrator. Id. The Court reaffirmed this ruling in its April 18, 2016 order denying Guess's motion for a

---

[1] On April 27, 2016, the parties filed a joint stipulation vacating the hearing date for this matter, previously scheduled for May 9, 2016. Dkt. 64. The parties further stipulated that this matter should be decided without the need for an in-person hearing. Id. On April 28, 2016, the Court accepted the parties' stipulation.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:16-cv-00780-CAS(ASx) | Date | May 9, 2016 |
|---|---|---|---|
| Title | GUESS?, INC. V. MARISOL RUSELL, ET AL. | | |

preliminary injunction. Dkt. 63. Accordingly, for the reasons stated in these prior orders, the Court **DENIES** Guess's Petition to Vacate the Clause Construction Award.[2]

   IT IS SO ORDERED.

                                           00 : 00

                             Initials of Preparer       CMJ

---

[2] In addition, even if the Court had found that Arbitrator Farber lacked the authority to issue the Clause Construction Award—and thus been required to determine the class arbitration question itself—the Court would still have reached the same conclusion as Arbitrator Farber. Namely, that while the parties' Agreement to Arbitrate does not expressly address the availability of class-wide arbitration, it also does not exclude class arbitrations and the text of the agreement can reasonably be construed to permit respondents to pursue their claims on a class-wide basis.